PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYNE MARIE HORN, | ) | |
| | ) | CASE NO. 1:25CV0713 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FRANK BISIGNANO, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 13] |

Plaintiff received supplemental security income ("SSI") benefits based on a determination that she was disabled as a child, and in January 2022, underwent a disability redetermination after attaining the age of 18. The Social Security Administration determined that her condition is not severe enough to be considered disabling. *See* ECF No. 7 at PageID #: 141. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). In January 2024, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. *See* Decision of the ALJ (ECF No. 7 at PageID #: 45-62). That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Reuben J. Sheperd for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and

Recommendation (ECF No. 12) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Sec'y. of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

**II.**

The Court has reviewed the Report and Recommendation (ECF No. 12) *de novo*. The Court has also considered Plaintiff's Objections to the Report and Recommendation (ECF No. 13) and Defendant's Response (ECF No. 14). Plaintiff requests that the Court reverse the Commissioner's decision and remand the case for further proceedings. *See* ECF No. 13 at PageID #: 990.

Plaintiff claims that she is disabled due to the following mental health impairments: major depressive disorder; anxiety disorder; attention deficit hyperactivity disorder ("ADHD"); and, post-traumatic stress disorder ("PTSD"). *See* ECF No. 7 at PageID #: 47. The ALJ found Plaintiff''s non-severe impairments included headaches, nausea/gastritis, clinical obesity, and vision problems. ECF No. 7 at PageID #: 48. He also found that "the objective medical evidence does not currently support [oppositional-defiant disorder (ODD)], an autism spectrum disorder, or bipolar disorder as medically determinable mental impairments." ECF No. 7 at PageID #: 48. As noted by the magistrate judge, the ALJ's mental residual functional capacity ("RFC") determination spanned approximately 10 pages and went into detail on his findings with respect to each medical record and opinion, and how those formed his opinion on Plaintiff's nonexertional limitations. *See* ECF No. 7 at PageID #: 51-61. According to the ALJ, since January 5, 2022, Plaintiff "has had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant would be limited to understanding, remembering, carrying out, and performing simple routine tasks and instruction, reasoning level 1 or 2; occasional interaction with the public, co-workers,

and supervisors; and only occasional changes in work setting." ECF No. 7 at PageID #: 51 (bold omitted). "Since January 5, 2022, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." ECF No. 7 at PageID #: 61 (bold omitted).

The magistrate judge recommends that the Court affirm the final decision of the Commissioner denying Plaintiff SSI. After carefully reviewing the law, the parties' arguments, and the evidence of record, the Court concludes that the ALJ correctly assessed the proffered evidence and correctly applied the law to that evidence.

## III.

### A.

Plaintiff objects to the Report's conclusion that the ALJ adequately determined that she had the ability to function independently, appropriately, and effectively 8 hours a day, 5 days a week. The magistrate judge found "that the ALJ's analysis did assess the [mental] RFC based upon the record as a whole, giving consideration to all of Horn's functional limitations." ECF No. 12 at PageID #: 974. Plaintiff argues this conclusion contains an error of fact because the ALJ failed to cite any evidence to support the conclusion that she was actually capable of showing up for work on time; effectively, appropriately, and independently working the whole day for 5 days a week; and, doing so on a regular and continuing basis. Plaintiff claims the ALJ ignored significant evidence to the contrary. For example, (1) Plaintiff's failure to maintain regular attendance throughout her school years and (2) Plaintiff's difficulties showing up as required in her part-time job at McDonald's.

(1:25CV0713)

A claimant's RFC is the most she can do in a work setting despite her physical and mental limitations. *See* 20 C.F.R. § 416.945(a); *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). The determination of a claimant's RFC is an administrative assessment reserved for the ALJ. *See* 20 C.F.R. § 416.946(c); *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed.Appx. 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.") .

In his decision, the ALJ discussed the rationale for his finding that "[i]n interacting with others, the claimant has a **moderate** limitation." *See* ECF No. 7 at PageID #: 49 (emphasis in original). He also considered the evidence related to Plaintiff's school accommodations and concluded that her accommodations were based on behavioral concerns more than academic achievement and that her most recent accommodations were within a regular classroom compared to her previous placement in a self-contained classroom. *See* ECF No. 7 at PageID #: 49-50 (citing Individualized Education Plan ("IEP") for the 2020-2021 school year (ECF No. 7 at PageID #: 622-61) and Section 504 Plan for the 2023-2024 school year (ECF No. 7 at PageID #: 662-725).

The ALJ did "not ignore evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Fleischer v. Astrue*, 774 F. Supp.2d 875, 881 (N.D. Ohio 2011) (citing *Bryan v. Comm'r of Soc. Sec.*, 383 Fed.Appx. 140, 148 (3d Cir. 2010).

School psychologist Dr. Rachel Undercoffer indicated that it was necessary and imperative that Plaintiff receive continuation of funding support through SSI, noting that Plaintiff struggled with her mental diagnoses and symptoms in the performance of part-time work and had not been able to keep steady employment as she had breakdowns at work often. *See* KidsLink Updated Evaluation (ECF No. 7 at PageID #: 881; 893). The ALJ found Dr. Undercoffer's opinion only somewhat persuasive:

> [The ALJ] agrees with Dr. Undercoffer that the claimant would not be able to perform entirely unrestricted work. However, rather than the accommodations suggested by Dr. Undercoffer, the undersigned finds their concerns about the claimant's ability to understand and perform work tasks on a consistent basis while maintaining mental well-being are adequately addressed in limiting the claimant to simple, routine tasks and instructions, with limited social interaction and only occasional changes in the work setting. As to Dr. Undercoffer's statement that the claimant should continue to receive supplemental security income funding, the undersigned finds this statement unpersuasive in determining whether the claimant meets the disability requirements to be entitled to such benefits, separate and apart from financial need.

ECF No. 7 at PageID #: 59.

Plaintiff's psychiatric nurse practitioner at The Nord Center, Mackenzie Ice ("CNP Ice"), opined that Plaintiff would be absent "[a]bout twice per month." ECF No. 7 at PageID #: 897. The ALJ expressly acknowledged this opinion. After doing so, the ALJ concluded that this opinion was unpersuasive because it "is not [on a] form created or approved by the Social Security Administration and uses a rating scale that is inconsistent with the Agency's methods for evaluating the severity of impairments." ECF No. 7 at PageID #: 59. Furthermore, the ALJ determined that CNP Ice's opinion regarding Plaintiff's abilities in the workplace were inconsistent and not supported by the medical evidence of record and "not entirely consistent

with [Plaintiff]'s performance of part-time work, admittedly with some difficulties when under stress or feeling overwhelmed." ECF No. 7 at PageID #: 60.

The magistrate judge found (1) "that the ALJ's analysis did assess the [mental] RFC based upon the record as a whole, giving consideration to all of [Plaintiff]'s functional limitations" and (2) "[t]he ALJ adequately explained how he determined that [Plaintiff] had the ability to function independently, appropriately and effectively 8-hours a day on an ongoing basis." ECF No. 12 at PageID #: 974. After careful consideration, the Court is satisfied that the ALJ's conclusion that Plaintiff can sustain work activity on a continuing basis is supported by substantial evidence, that is "'such relevant evidence as a reasonable mind might accept as adequate to support'" the ALJ's conclusions. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consol. Edison Co.*, 305 U.S. at 229). Under these circumstances, the Court does not find reversible error in the ALJ's conclusion.

**B.**

Next, Plaintiff faults the magistrate judge for his conclusion that the ALJ properly determined that Plaintiff had the emotional and behavioral ability to interact with her supervisors, co-workers, and the public on an occasional basis. She argues this decision contains errors of fact. SSR 85-15, 1985 WL 56857 (Jan. 1, 1985), clarifies the framework for evaluating nonexertional impairments. The ruling describes the mental demands of unskilled work as "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." *Id.* at *4. Far from ignoring evidence relevant to Plaintiff's

mental condition, the ALJ explicitly discussed it. The Court agrees with the magistrate judge that "the ALJ properly evaluated [Plaintiff]'s nonexertional limitations, he reviewed the entirety of the record and provided evidence that was adequate to support the [mental] RFC determination." ECF No. 12 at PageID #: 978. For the same reason that the ALJ's lengthy discussion of the treating records and daily activities in support of the mental RFC satisfies the requirements of SSR 96-8p, the requirements of SSR 85-15 are met.

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 13) are overruled. The Report and Recommendation (ECF No. 12) is adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

September 10, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge